UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------------X
ALEKSEY ZYKOV a/k/a ALEX ZYKOV,                         Case No.

                    Plaintiff,                              **COMPLAINT**

      -against-

CHARLIE CHENG-HAN TSAI,

                    Defendant.
-----------------------------------------------------------------------X

Plaintiff, Aleksey Zykov ("Zykov"), by and through his attorneys, Moritt Hock & Hamroff LLP, as and for its Complaint against Defendant, Charlie Cheng-Han Tsai ("Tsai"), respectfully alleges as follows:

## THE PARTIES

1. Aleksey Zykov a/k/a Alex Zykov is an individual and a citizen of the State of New Jersey, residing in Jersey City, New Jersey.

2. Upon information and belief, Charlie Cheng-Han Tsai, is an individual and a citizen of the State of California, residing in Arcadia, California.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, since the matter in controversy exceeds $75,000.00, exclusive of interest and costs and is between citizens of different states.

4. Venue is proper in the District of New Jersey pursuant to 28 U.S. C. §1391(b)(2), and Tsai consented in writing in the subject Secured Promissory Note to exclusive jurisdiction and venue of and in the state and federal courts of the State of New Jersey.

2577082v1

## FACTUAL BACKGROUND

**The Loan**

5. In early October 2020, Tsai asked Zykov for a short-term bridge loan in the amount of $300,000.00, so that Tsai could make a private investment in the United States, because it would take him too long to wire funds from Hong Kong (the "Loan").

6. On October 8, 2020, Tsai and Zykov entered into an agreement by email for the Loan.

7. On October 9, 2020, at Tsai's direction, Zykov wired $300,000.00 to Tsai's investment agent.

8. The Loan was due to be paid in full on October 16, 2020.

9. Tsai failed to repay the Loan on October 16, 2020,.

10. After Tsai's default, Tsai and Zykov tried to work out a payment plan for the balance due, but promised payments were never made.

**The Secured Promissory Note**

11. Eventually, Tsai and Zykov executed a Secured Promissory Note dated January 27, 2021 (the "Note"), which replaced the original Loan agreement.

12. Pursuant to the Note, Tsai agreed, *inter alia*, to pay Zykov the sum of $345,000.00 on or before February 5, 2021.

13. In addition, the Note contained a pledge of collateral, consisting of 23,598 common shares of Eclat Textile Co. Taiwan (TWSE 1476.TW), which were valued at approximately $345,000.00 (the "Collateral").

14. The Note required Tsai to pay Zykov an additional $15,000.00 in the event of default.

15. Tsai failed to pay any of the amount due under the Note on February 5, 2021.

16. Although Tsai made a payment of $15,000.00 on or about February 18, 2021, no other payments have been made except for a payment of $20.00 on or about March 15, 2021, and Tsai remains in default, despite repeated demands for payment.

17. Accordingly, as of the date of this Complaint, there is a balance due and owing from Tsai to Zykov of $344,980.00, plus applicable interest thereon.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of the Secured Promissory Note)

18. Plaintiff repeats, reiterates, and realleges the allegations contained in Paragraphs "1" through "17" above, with the same force and effect as if fully set forth at length herein.

19. As detailed above, Tsai's default under the Note has caused Zykov to suffer damages in the amount of $344,980.00.

20. By reason of the foregoing, Zykov is entitled to a judgment against Tsai for breach of contract in the amount of $344,980.00, plus applicable interest thereon.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Possession of Collateral)

21. Plaintiff repeats, reiterates, and realleges the allegations contained in Paragraphs "1" through "20" above, with the same force and effect as if fully set forth at length herein.

22. By reason of Tsai's default under the Note, Zykov is entitled to possession of the Collateral, consisting of 23,598 common shares of Eclat Textile Co. Taiwan (TWSE 1476.TW).

23. Accordingly, Zykov is entitled to a judgment awarding him possession of the Collateral, and directing Tsai to deliver the Collateral to Zykov properly endorsed for transfer.

2577082v1

## AS AND FOR A THIRD CAUSE OF ACTION
**(Attorney's Fees and Costs Due Under the Secured Promissory Note)**

24. Plaintiff repeats, reiterates, and realleges the allegations contained in Paragraphs "1" through "23" above, with the same force and effect as if fully set forth at length herein.

25. Pursuant to Section 7 of the Note:

> Borrower [Tsai] shall pay all costs incurred by Lender [Zykov] in collecting sums due under this Note after a default, including reasonable attorneys' fees. If Lender or Borrower sues to enforce this Note or obtain a declaration of its rights hereunder, the prevailing party in any such proceeding shall be entitled to recover its reasonable attorneys' fees and costs incurred in the proceeding (including those incurred in any bankruptcy proceeding or appeal) from the non-prevailing party.

26. By reason of the foregoing, Plaintiff is entitled to recover such reasonable attorneys' fees and costs incurred in connection with his efforts to enforce the Note as may be determined by the Court.

WHEREFORE, Plaintiff, Aleksey Zykov a/k/a Alex Zykov, demands judgment against Defendant, Charlie Cheng-Han Tsai as follows:

A. On the First Cause of Action against Charlie Cheng-Han Tsai, awarding Plaintiff the sum of $344,980.00, plus applicable interest thereon;

B. On the Second Cause of Action against Charlie Cheng-Han Tsai, awarding Plaintiff possession of the Collateral, and directing Tsai to deliver the Collateral to Zykov properly endorsed for transfer;

C. On the Third Cause of Action against Charlie Cheng-Han Tsai, awarding Plaintiff such reasonable attorney's fees and costs as may be determined by this Court; and

2577082v1

D. All with interest, costs, disbursements and expenses, together with such other and further relief as this Court may deem just and proper.

Dated: Garden City, New York
May 11, 2021

          MORITT HOCK & HAMROFF LLP
          *Attorneys for Plaintiff*

By: _____
      Robert M. Tils
400 Garden City Plaza
Garden City, New York 11530
(516) 873-2000